## No. 6266.

### W. P. KELLOGG, GOVERNOR, ETC., vs. CHARLES CLINTON, AUDITOR, ET AL.

The court below erred in refusing to order a special jury of merchants for the trial of this case, as required by one of the parties and assented to by the other. It is one peculiarly demanding a jury of men skilled in accounts and having a practical knowledge of book-keeping, competent from their skill and experience to adjust books of accounts, to correct erroneous entries, to establish proper balances, and to fix the exact state of numerous and complicated business transactions. The case is remanded.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *A. P. Field*, Attorney General, *R. H. Marr*, *J. B. Cotton*, and *J. Q. A. Fellows*, for plaintiff and appellant. *Semmes & Mott*, *A. & W. Voorhies*, and *C. S. Rice*, for defendants and appellees.

TALIAFERRO, J. This suit is brought against the defendant and the sureties on his appeal bond to render them liable, *in solido*, for the amount thereof, and to recover judgment, individually against the defendant, Clinton, for large sums of money, besides, upon the alleged ground of unfaithfulness on the part of Clinton in the discharge of his duties as a public officer of the State.

The petition charges against him that he has not "well and faithfully discharged and performed all the duties incumbent on him as Auditor of Public Accounts" of said State of Louisiana, as he had promised and bound himself to do by the above-written obligation, but that he has on divers times and sundry occasions, acting in his said capacity of Auditor, violated, betrayed, and broken the conditions of his said official bond, and has thereby caused the State great damage and injury. The petition then proceeds to enumerate various acts of the Auditor alleged to be in contravention of law, specifying in detail the acts complained of and the dates when the same were committed and wherein they are unwarranted by law.

The answer of defendants is a general denial.

The plaintiff afterward filed a supplemental petition in which the

State claims additional large sums of money which it is alleged the Auditor and his sureties are bound for, on the ground of his issuing warrants illegally, misapplication of public funds, and for other causes. Subsequent to the filing of this amended petition, it seems the parties agreed to have the case tried before a special jury of merchants, which the judge *a quo* refused to have called, as appears by the following bill of exceptions found in the record: "Be it remembered, that when this case was called for trial, Wednesday, the twenty-second of June, 1875, and pending a discussion as to the right of State, plaintiff, to trial by jury, as prayed for in a supplemental petition, filed heretofore, on the eighth of June, 1875, the counsel for defendants proposed that the trial should be by a special jury of merchants, which proposition was immediately accepted by the Attorney General in behalf of the State, whereupon the Attorney General informed the court that both parties were willing to have a trial by a special jury of merchants, which statement was confirmed by the counsel for the defendants, and the Attorney General, on behalf of the State, moved the court, the counsel for the defendants assenting thereto, to order a special jury of merchants to be summoned by the sheriff; that the court refused to order a special jury of merchants to be summoned, being of the opinion and upon the ground, as stated by the court, that the law does not authorize the court to order a special jury; but the court stated that if both parties assented to a jury the court would order a jury to be drawn, selected, and summoned in the mode and manner prescribed by the general law, and not otherwise; that thereupon the counsel for the State objected and reserved the point, stating to the court that a bill of exceptions would be prepared embodying the rulings of the court and the objections to the same, whereupon the counsel for defendants stated that they withdrew their consent to a trial by jury, their consent being given simply to a trial by a special jury of merchants.

"And to the rulings of the court refusing to allow a trial by a special jury of merchants, and in refusing to order a special jury of merchants to be summoned by the sheriff, the State, plaintiff, by the Attorney General, then and there excepted, and now tenders this bill of exceptions for approval and signature.

"(Signed)                    JACOB HAWKINS, Judge."

The case was tried by the court without the intervention of a jury. Judgment was rendered in favor of the defendants, and the plaintiff has appealed.

We think the court erred in refusing to order a special jury of merchants for the trial of the case. It is one peculiarly requiring a jury of men skilled in accounts and having a practical knowledge of book-keeping, competent, from their skill and experience, to adjust books of

accounts, to correct erroneous entries, to establish proper balances, and to fix the exact state of numerous and complicated business transactions. We deem it proper to the end, that the various irregularities, errors, and illegalities alleged to exist in the office, books, accounts, and vouchers of the Auditor of Public Accounts, as well as all the other issues involved in this controversy may be examined into and be tried by a special jury, in conformity with the provisions of article 2153 of the Revised Statutes, page 425.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is further ordered that this case be remanded to the court of the first instance; that the judge thereof be and he is hereby directed to issue an order to the civil sheriff of the parish of Orleans to summon according to law a special jury of merchants to attend in said court for the purpose of trying this case, and that the same be proceeded with before said jury in conformity with law. It is lastly ordered that defendants pay costs of this appeal.